UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| | : | VIOLATION: 18 U.S.C. §1962(d) |
| v. | : | (Conspiracy to Participate in a Racketeer |
| | : | Influenced Corrupt Organization) |
| ARTHUR HANDON, | : | |
| aka "Jay" | : | |
| Defendant. | : | |
| | : | **UNDER SEAL** |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INFORMATION AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal information, plea agreement, and proffer, as well as all existing and future pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal any and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a criminal information charging a narcotics conspiracy violation.

The sealing is necessary because the attached information, plea agreement, and related pleadings contain sensitive information, and the disclosure of which would not be in the interest of the defendant, the government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government

in an ongoing criminal/grand jury RICO and narcotics investigation. Accordingly, it is essential that any information concerning the fact of his pleading guilty be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general and to some of the defendant's former associates in particular.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of all pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals no longer exist; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.  See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel, Robert Jenkins, Jr., has been advised of the contents of this motion and has informed the undersigned prosecutor of his support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_____
GLENN S. LEON
Assistant United States Attorney
New York Bar
555 4th Street, N.W., Room 4108
Washington, DC 20530
(202) 305-0174

_____
ANN H. PETALAS
Assistant United States Attorney
TX Bar No. 24012852
555 4th Street, N.W., Room 4112
Washington, DC 20530
(202) 307-0476

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served by facsimile (703-549-7701) on counsel for the defendant, Robert L. Jenkins, Jr., Bynum & Jenkins, PLLC, 901 North Pitt Street, Suite 320, Alexandria, VA 22314, on this 1st day of September, 2006.

_____
Glenn S. Leon
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. Cr. |
| | : | |
| | : | VIOLATION: 18 U.S.C. §1962(d) |
| v. | : | (Conspiracy to Participate in a Racketeer |
| | : | Influenced Corrupt Organization) |
| ARTHUR HANDON, | : | |
| aka "Jay" | : | |
| Defendant. | : | |
| | : | **UNDER SEAL** |

### ORDER

Based on the representations in the government's motion to seal the accompanying criminal information and plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters, this Court makes the following:

### FINDINGS OF FACT

Pursuant to the plea agreement in this case, the defendant has agreed to cooperate with the United States in an ongoing criminal/grand jury RICO and narcotics investigation.

The general public is not aware that the defendant has agreed to cooperate with the United States in this ongoing investigation.

The defendant's cooperation, due to the nature of the investigation, poses a substantial risk to the personal safety of the defendant, his family, undercover agents and other law enforcement officials.

The public docketing at this time of any notice that the government has filed a motion to seal the criminal information, plea agreement, and other pleadings, records, proceedings and files and to delay entry on the public docket of the filing of this motion to seal, as well as the Order

granting such motion will likely substantially jeopardize an ongoing criminal investigation and place the personal safety of parties involved in the covert investigation, as well as innocent bystanders, at substantial risk.

Based on the representations in the government's motion, and this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the existing and future pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this _____ day of _____ 2006 hereby

ORDERED that this Order, and the attached government motion to seal the criminal information, plea agreement, and other pleadings, recordings, proceedings, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the criminal information, plea agreement, all proceedings and all existing and future pleadings, records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the criminal information, plea agreement, the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further

ORDERED that notwithstanding the other provisions of this ORDER, the government shall be permitted to request a transcript of the plea proceedings in this case, the Court Reporter shall be permitted to prepare such a transcript and provide it to the government, and there may be a limited lifting of this sealing order to allow the government to comply with noticing and publishing requirements to effectuate any consent order of forfeiture that may be filed as part of this case, or to comply with its discovery, <u>Giglio</u> and <u>Brady</u> obligations in any pending criminal case in which the defendant herein may be called as a witness.

It is further

ORDERED, that the government notify the Court as soon as the need for sealing no longer exists.

_____
RICHARD W. ROBERTS
United States District Court Judge
for the District of Columbia