

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

September 5, 2006

Robert L. Jenkins, Jr.
Bynum & Jenkins, PLLC
901 North Pitt Street, Suite 320
Alexandria, VA 22314

        Re:   United States v. Arthur Handon, Cr.-06-

Dear Mr. Jenkins:

     This letter confirms the agreement between your client, **Arthur Handon,** and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the plea agreement.  The terms of the offer are as follows:

**Arthur Handon's** Obligations, Acknowledgments and Waivers:

     1. Your client, **Arthur Handon**, agrees to admit guilt and enter a plea of guilty to a criminal Information, a copy of which is attached, charging your client with conspiracy to participate in a Racketeering Influenced Corrupt Organization, in violation of 18  U.S.C. §1962(d).  The count charges your client with conspiring with others to commit and participate in the commission of a number of crimes described in the Information as Racketeering Acts, including violent crimes to further a racketeering enterprise. Your client understands that pursuant to 18  U.S.C. §1963(a), the offense of conspiracy to engage in racketeering  carries  a statutory maximum sentence of up to life in prison, a maximum fine of $250,000 or twice the value of the gross proceeds generated by the racketeering enterprise, whichever is greater, and a period of supervised release following any period of imprisonment  In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Financial Litigation Unit of this Office prior to the date of sentencing.  Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range.  Your client

further understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for more than 1.5 kilograms of cocaine base, also known as crack, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute.

3. The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this paragraph. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to any law enforcement agent, probation officer or Court) the Government is free under this agreement to seek an increase in the base offense level or an upward departure based on that post-agreement conduct.

4. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

5. Your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia on the following terms and conditions:

(a) Your client shall cooperate fully, truthfully, completely and forthrightly with this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking government administered polygraph examination(s); and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely and forthrightly as directed by this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this agreement by your client, and will relieve the Government of its obligations under this

Rev. 1/18/05 daj

agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or 18 U.S.C. § 3553(e). Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his/her obligations under this agreement.

   (b) Your client shall promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime.

   (c) Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

   (d) Your client shall testify fully, completely and truthfully before any and all Grand Jury(ies) in the District of Columbia, and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

   (e) Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of his/her obligations under this agreement. Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

  6. Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Your client understands that if the Government does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e). In any event, your client specifically agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigation(s) or prosecution(s) of another person(s) who has committed a federal, state, local or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance

departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his/her obligations under this agreement.

7. Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or Government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and Government prosecutors outside of the presence of counsel. If at some future point you or your client desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

8. (a) In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

(b) Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed. Your client understands that the date for sentencing will be set by the Court.

9. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (e), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to 18 U.S.C. §3553(e) and/or Section 5K1.1 of the Sentencing Guidelines.

10. Your client understands that even if this Office informs the Court of the nature and extent of your client's cooperation, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves

its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

      11. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

      12. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the Government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

      13. Your client further agrees to waive all rights, claims or interest in any witness fee that your client may be eligible to receive pursuant to 28 U.S.C. § 1821 for your client's appearance at any grand jury, witness conference(s) or court proceeding(s) during the course of your client's cooperation pursuant to this agreement or any term of your client's incarceration.

      14. Your client understands and agrees that if your client should fail to specifically perform and to fulfill fully and completely each and every one of your client's obligations under this plea agreement, then: (a) the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e); (b) your client will not be allowed to withdraw your client's guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; (d) no motion for downward departure will be filed or sought and your client will be sentenced upon consideration of the applicable Sentencing Guidelines range; and (e) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

15. This Office will file the above-mentioned criminal information with the United States District Court for the District of Columbia for the purpose of your client entering a plea of guilty to the charge(s) contained therein and will dismiss the superseding indictment currently pending against your client at the time of sentencing (in criminal case number 05-100-11 (RWR)). Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

16. This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

17. This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation.

18. If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines in order to afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than indicated by the Sentencing Guidelines. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, then, the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

19. The Government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

20. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold or otherwise mislead the Court, the Probation Office or the government concerning any

issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her plea of guilty in this case.

21. After the entry of your client's plea of guilty to the offense(s) identified in paragraph number one above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement.

22. The United States agrees, subject to the reservations in the remainder of this paragraph, that so long as your client does not move to withdraw your client's plea of guilty and is in full compliance with each and every provision of this agreement, the United States will not use against your client, directly or indirectly, in any criminal or in any civil proceeding, any of the information or materials provided to the United States by your client during the course of your client's cooperation pursuant to this agreement or during the course of any debriefing conducted in anticipation of this agreement. However, the United States expressly reserves its right to use self-incriminating information provided by your client at the sentencing in this case, if such use has otherwise been reserved in this agreement. Moreover, the United States also expressly reserves its right to use against your client in any criminal or civil proceeding, directly or indirectly, any information and materials provided by your client, during the course of your client's cooperation, concerning crimes of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501.

23. The United States agrees that if requested by your client, and if appropriate in the sole discretion of this Office in order to provide for the protection and security of your client, the United States Attorney's Office for the District of Columbia will sponsor your client for acceptance into the Witness Security Program of the United States Department of Justice. It is understood, however, that the decision to accept your client into the Witness Security Program is at the sole discretion of the United States Department of Justice and not this Office. It is further understood that once accepted into the Program, the continued participation of the your client will be governed exclusively by the standard rules and regulations which have been promulgated by the United States

Department of Justice to administer the Program.

General Conditions

24. It is further agreed that the United States and your client shall request the Court to place under seal this plea agreement and other relevant proceedings and documents entered into the record in this matter. Both parties agree that this is necessary in order to protect the personal safety of your client and the law enforcement agents/officers working your client. Both parties further agree that if the record is sealed in this matter, it shall remain under seal, subject to Court approval, until your client is sentenced or such other time as the Court might direct in response to a motion made by the United States.

25. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

26. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

27. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

                Sincerely yours,

                _____
                KENNETH L. WAINSTEIN
                UNITED STATES ATTORNEY


                _____
                GLENN LEON
                Assistant United States Attorney


                _____
                ANN H. PETALAS
                Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Robert L. Jenkins, Jr., Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:_____          _____
                                Arthur Handon
                                Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement.

Date: _____         _____
                                Robert L. Jenkins, Jr., Esquire
                                Attorney for Arthur Handon