UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. Cr. 6-258 |
| : | |
| v. : | VIOLATION: 18 U.S.C. §1962(d) |
| : | (Conspiracy to Participate in a Racketeer |
| ARTHUR HANDON, : | Influenced Corrupt Organization) |
| aka "Jay" : | |
| Defendant. : | |
| : | UNDER SEAL |

FILED
SEP 7 - 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

Based on the representations in the government's motion to seal the accompanying criminal information and plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters, this Court makes the following:

FINDINGS OF FACT

Pursuant to the plea agreement in this case, the defendant has agreed to cooperate with the United States in an ongoing criminal/grand jury RICO and narcotics investigation.

The general public is not aware that the defendant has agreed to cooperate with the United States in this ongoing investigation.

The defendant's cooperation, due to the nature of the investigation, poses a substantial risk to the personal safety of the defendant, his family, undercover agents and other law enforcement officials.

The public docketing at this time of any notice that the government has filed a motion to seal the criminal information, plea agreement, and other pleadings, records, proceedings and files and to delay entry on the public docket of the filing of this motion to seal, as well as the Order

granting such motion will likely substantially jeopardize an ongoing criminal investigation and place the personal safety of parties involved in the covert investigation, as well as innocent bystanders, at substantial risk.

Based on the representations in the government's motion, and this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the existing and future pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this 6th day of September 2006 hereby

ORDERED that this Order, and the attached government motion to seal the criminal information, plea agreement, and other pleadings, recordings, proceedings, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the criminal information, plea agreement, all proceedings and all existing and future pleadings, records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the criminal information, plea agreement, the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further

ORDERED that notwithstanding the other provisions of this ORDER, the government shall be permitted to request a transcript of the plea proceedings in this case, the Court Reporter shall be permitted to prepare such a transcript and provide it to the government, and there may be a limited lifting of this sealing order to allow the government to comply with noticing and publishing requirements to effectuate any consent order of forfeiture that may be filed as part of this case, or to comply with its discovery, Giglio and Brady obligations in any pending criminal case in which the defendant herein may be called as a witness.

It is further

ORDERED, that the government notify the Court as soon as the need for sealing no longer exists.

_____
RICHARD W. ROBERTS
United States District Court Judge
for the District of Columbia