UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 06-258 (RWR) |
| | : | |
| v. | : | |
| | : | FILED UNDER SEAL |
| ARTHUR "JAY" HANDON | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR DEPARTURE FROM**
**GUIDELINE SENTENCE AND MANDATORY MINIMUM SENTENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to find that the defendant, Arthur "Jay" Handon, is entitled to the benefits of a sentencing departure as provided by Title 18, United States Code, § 3553(e) and § 5K1.1 of the United States Sentencing Guidelines. These provisions authorize the Court, upon motion of the government, to impose a sentence below the minimum which would otherwise be required by statute and the sentencing guidelines. The United States submits this motion based on the substantial assistance which the defendant has rendered in the investigation and prosecution of other persons.

**I.     Procedural and Factual Background**

On March 17, 2005, the defendant, Arthur Handon, was one of fifteen defendants charged in a 73-count indictment, charging among other things, participation in a narcotics conspiracy, as well as individual acts of drug-dealing and weapons possession, in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. §§ 922(g)(1), 924(c)(1), and other statutes.

Subsequently, on November 29, 2005, the grand jury returned another superseding

indictment against fifteen defendants, including Mr. Handon – twelve who remained from the initial March 2005 group, plus an additional three defendants.  This superseding indictment charged these fifteen defendants with the same counts contained in the March 2005 indictment as well as participation in a RICO conspiracy, as well as individual acts of violence, including four murders, in violation of, among other things, 18 U.S.C. §§ 1962, 1963 and 1959.

Due to the large number of individuals indicted in this case, this Court set up three separate trial tracks in this case.  The first trial date was set for October 3, 2006 for six of the defendants in this case: Gerald Bailey, aka Chow Wow, Raymond Bell, aka Santuce, Luscious Fowler, Arthur Handon, aka Jay, Phillip Wallace and Marcus Smith, aka Mick.  The second trial was set for a seventh, additional defendant – Jasmine Bell, aka Jazz – who was to be tried in a stand-alone trial in February of 2007.  The third trial was scheduled to commence involving the remaining seven defendants shortly after the trial of Jasmine Bell concluded.[1]  This third trial involved six defendants, and lasted from February through November of 2007.

On August 4, 2006, six of the above-listed seven defendants entered into a "global," "wired" conditional plea before this Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Each of these six defendants pled guilty to count two of the Superceding Indictment, which charged conspiracy to engage in racketeering in violation of 18 U.S.C. §1962(d).  The one defendant of the above-listed seven who did not enter into the global, wired plea was Mr. Handon.  Accordingly, Mr. Handon was scheduled to go to trial on October 3, 2006.

---

[1] The final of the fifteen defendants in this case, Newett Ford, had already proceeded to trial.

During the weeks that followed the August 4, 2006 plea, Mr. Handon participated in several successful debriefings with the government. During these meetings, the government found Mr. Handon cooperative, easy to deal with, and willing to testify as a government witness if called to testify. Accordingly, the government and Mr. Handon entered into a cooperation plea agreement on September 7, 2006 with Mr. Handon before this Court.

In his September 7, 2006 plea, Mr. Handon pled guilty to conspiracy to engage in racketeering in violation of 18 U.S.C. §1962(d), and also admitted to relevant conduct that included responsibility for more than 1.5 kilograms of cocaine base, also known as crack.

Mr. Handon has remained held without bond since his initial arrest in this case back in March of 2005.

The government concurs with the analysis of the Presentence Investigation ("PSI") report writer, Mr. Penders, who has concluded that pursuant to the Federal Sentencing Guidelines, the defendant faces a suggested guideline range of imprisonment of 235 to 292 months. See PSI at Paragraphs 48, 54, and 80.

**II.     Nature and Extent of Cooperation**

Mr. Handon has provided the government with substantial assistance since his incarceration in this matter back in March of 2005.

As an initial matter, Handon pled guilty approximately a month before trial in this case. Had this case proceeded to trial, the government would have expended a great amount of resources prosecuting Mr. Handon. These saved resources allowed the government to focus much more of its time and attention in preparing for the trial of the remaining defendants in this case in 2007. These remaining defendants were much higher-level members of the conspiracy

charged. In addition to the resources saved by eliminating an additional trial, the government also was able to limit the number of times that certain witnesses (both cooperating witnesses and civilian witnesses) had to testify. By keeping certain witnesses' identities from the public record for an additional period of time, the government was able to both assure the safety of these additional witnesses, as well as maintain the integrity of certain charges brought against the more significant Congress Park defendants in the subsequent 2007 trial.

The government ultimately did not call Handon to testify as a witness during the Congress Park trial. However, at all times, Mr. Handon remained ready, willing and able to testify for the government. The government's decision to not call Handon as a witness was ultimately due to tactical reasons, having nothing to do with Handon's credibility

In fact, at all times, the government found Handon credible and forthcoming during its several debriefings with him. Much of the information Handon provided corroborated the testimony of other cooperating (testifying) witnesses in this case, and this corroboration helped the government during its trial preparation of these other cooperating witnesses.

In addition, by agreeing to cooperate with the government (and therefore moving to the 4th floor of CTF), Mr. Handon has been labeled a "snitch" within the jail system as well as within Congress Park. While Mr. Handon has indicated an interest of no longer living in Congress Park upon his release from jail, his mother still lives in Congress Park. The government and the FBI are still evaluating potential safety issues relating to Mr. Handon. While we do not think they are significant, we do not think they are non-existent.

The government's investigation has revealed one instance of Mr. Handon using a firearm. In this instance, Mr. Handon shot a gun at another individual with whom he was having a

dispute. No one was injured as a result of the shooting. In addition, there is evidence to support Mr. Handon's claim that he fired his weapon during this incident in self-defense.

Finally, it is worth noting that while Mr. Handon certainly was correctly indicted in this case, and pled guilty to a charge for which there was certainly a sufficient basis to support, Mr. Handon was not one of the more significant players in the Congress Park Crew. For example, Mr. Handon's name came up relatively infrequently during the 6-plus months of testimony during the 2007 Congress Park trial.

On balance, Mr. Handon has been a cooperative and serious-minded cooperating witness, who has provided what the government has asked of him (which admittedly has not as much as has been asked of certain other cooperating witnesses). Mr. Handon's relatively minor criminal history, and minimal history of violence, along with the fact that Mr. Handon was not one of the more senior or significant members of the Congress Park conspiracy, mitigate in favor of leniency. Accordingly, the government respectfully recommends that Mr. Handon receive a period of 5 years (60 months) of incarceration to be followed by five years of supervised release.

WHEREFORE, the Government respectfully requests that the Court impose a sentence below the applicable Sentencing Guideline range and below any applicable statutory mandatory minimum.

             Respectfully submitted,

             JEFFREY A. TAYLOR
             United States Attorney
             D.C. Bar No. 498-610

             _____
             GLENN S. LEON
             Assistant United States Attorney
             New York Bar
             555 4th Street, N.W., Room 4112
             Washington, DC  20530
             (202) 305-0174

**CERTIFICATE OF SERVICE**

  I HEREBY certify that a copy of the foregoing has been sent by first class mail to counsel for the defendant, Robert Jenkins, Esq., 901 N. Pitt Street, Suite 320, Alexandria, VA 22314, this 28th day of March, 2008.

             _____
             Glenn S. Leon
             Assistant United States Attorney